## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

BRIAN K. ROBERTS,                  :
                                   :
           **Plaintiff,**          :
                                   :          **Case No. 5:25-cv-00476-MTT-CHW**
       **v.**                    :
                                   :
ANGELA PHAMS, *et al*.,             :
                                   :          **Proceedings Under 42 U.S.C. §1983**
           **Defendants.**        :          **Before the U. S. Magistrate Judge**

## ORDER

*Pro se* Plaintiff Brian Roberts, a prisoner in the Riverbend Correctional Facility in Milledgeville, Georgia filed a civil rights complaint in the Superior Court of Baldwin County, Georgia. ECF No. 1. The Defendants have removed this civil action to this Court and have paid the filing fee. *See id*.

### INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A. In this case, Plaintiff raises numerous claims against four officers at Riverbend Correctional Facility: Warden Angela Phams, Deputy Warden Vanessa Butts-Hawkins, Constance Nelson, and Falinijia Butler. Plaintiff's complaint includes claims that he has been improperly placed in segregation, that his property was stolen, that he has been denied medical attention and adequate food and clothing, that his religious rights are being violated, that he is not allowed to participate in "GED & RSAT programs", that he is

being denied access to courts, that he is being sexually harassed by staff members, that his cell is infested with black mold, that he is housed in a top range cell despite a bottom range medical profile, that his mail is being held "out of harassment and hatred towards Plaintiff a white prisoner", and that prison officials are personally profiting off of gang activity.  ECF No. 1 at 7-11.

Plaintiff's complaint fails to comply with Rule 20 of the Federal Rules of Civil Procedure in that he has improperly joined unrelated claims.  A plaintiff may join defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims.  *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).  For there to be a "logical relationship," the claims must "arise from common operative facts."  *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).  Plaintiff's wide-ranging claims against his Defendants do not meet the requirements of joinder under Federal Rule of Civil Procedure 20(a) because there are no common operative facts underlying the claims other than they all involve the Plaintiff.  Plaintiff must note that just because alleged events occur to one Plaintiff during his incarceration does not

necessarily make his claims related under Rule 20.  *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010).  Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ."  Thus, if Plaintiff still wants to raise unrelated claims against multiple defendants, then he must raise these claims in separate civil actions and address the filing fee for each civil action that he files.

Plaintiff has also failed to comply with Rule 8(a)(2) and Rule10(b) of the Federal Rules of Civil Procedure.  Rule 10(b) requires that a party must state its claims in paragraphs limited to a single set of circumstances.  Plaintiff's statement of claim is a rambling diatribe of wrongs that are not limited to any single set of circumstances.  *See* ECF No. 1 at 7-16.  Rule 8(a)(2) requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's statement of claim is neither short nor plain.  *See* ECF No. 1 at 7-16.  Nor has his vague and conclusory assertions shown the Court that he is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). (finding that "naked assertion[s]" devoid of "further factual enhancement" cannot suffice to meet the Rule 8 pleading standard and a plaintiff must assert more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to state a valid claim.).

"[A] complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or

[r]ule 10(b), or both" is a "shotgun pleading." *Jeloudov v. Snyder*, No. 21-12392, 2022 WL 3492601, at *4 (11th Cir. Aug. 18, 2022). The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separate into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The unifying trait among the categories is that a plaintiff fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir.1996) (finding that a shotgun pleading presents conditions where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief[.]").

Plaintiff's complaint falls into all four categories of shotgun complaints. Plaintiff's vague and conclusory claims are scattered throughout his factual narrative, intermingled with each other, are not connected with particularity to his Defendants, and are predominantly based upon the impermissible theory of *respondeat superior* or vicarious liability. *See Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection

4

between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"); *Keith v. DeKalb County*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability[.]").

The leniency afforded to *pro se* litigants does not permit them to file a shotgun pleading, and the Eleventh Circuit has "condemned shotgun pleadings for decades" repeatedly upholding their dismissal by the district courts. *Nurse*, 618 F. App'x at 990; *Weiland*, 792 F.3d at 1321-23; *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). Accordingly, Plaintiff's complaint is subject to dismissal.

Rather than recommending dismissal of Plaintiff's *pro se* complaint, the Court will afford him one opportunity to remedy the defects as explained herein. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies."). Accordingly, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration as he appears to have done in his original complaint and he is now ordered not to do so. If Plaintiff raises

unrelated claims, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 (holding that the district court did not abuse its discretion in dismissing plaintiff's case for his failure to comply with the Court's Order and his failure to comply with Rule 20 as to improperly joined claims.).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action.  It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)   What did this Defendant do (or not do) to violate your rights?  In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)   Is the Defendant a supervisory official[1] and if so, was he/she personally

---

[1]  Plaintiff is advised that he cannot simply name supervisors such as Prison Commissioners, Wardens, and Deputy Wardens based solely on their supervisory positions. Supervisors are liable under § 1983 only if they personally participate in the

involved in the constitutional violation?   If not, how did his/her actions

otherwise cause the unconstitutional action?   How do you know?

(3)     On what date(s) and where did each action occur?

(4)     How were you injured because of this Defendant's actions or inactions?

(5)     What relief do you seek from this Defendant?

Plaintiff must thoroughly and completely answer each question presented in the

Court's standard § 1983 complaint form including but not limited to his prior litigation

history and his efforts to exhaust his administrative remedies.[2]   Plaintiff is hereby notified

that **one sole operating complaint** is permissible. The general rule is that an amended

complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d

1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676

F.2d 1356, 1358 (11th Cir. 1982).   In other words, Plaintiff's amended complaint will

---

constitutional violation, direct their subordinates to act unlawfully, or know their
subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d
753, 762 (11th Cir.2010). "The standard by which a supervisor is held liable in her
individual capacity for the actions of a subordinate is extremely rigorous." *Hendrix v.
Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks
omitted).

[2] "No action shall be brought with respect to prison conditions under section 1983 of this
title, or any other Federal law, by a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies as are available are exhausted."
42 U.S.C. § 1997e(a).   This provision generally requires that a prisoner file an
administrative grievance and then appeal any denial of relief through all levels of review
that comprise the grievance process *before* filing suit in federal court. *Brown v. Sikes,*
212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).  Exhaustion is defined by each
correctional facility's grievance procedure, not the PLRA; a prisoner must comply with
his correctional facility's grievance procedure to exhaust his administrative remedies.
*Jones v. Bock*, 549 U.S. 199, 218 (2007).  The exhaustion requirement cannot be waived
even when the grievance process is futile or inadequate. *See id.* at 211; *Porter v. Nussle*,
534 U.S. 516, 524 (2002).  If Plaintiff has failed to fully exhaust his administrative
remedies as to a claim, that claim is subject to dismissal.

take the place of his original complaint, and the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff should state his claims as simply as possible in his recast complaint referring only to the relevant allegations against his named defendants. If Plaintiff fails to link a Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a Defendant, that Defendant will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff need not otherwise use legal terminology or cite any specific statute or case law to state a claim as he has confusingly attempted to do in his original complaint. Plaintiff is not to include any exhibits or attachments. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

## MOTION FOR AN APPOINTED ATTORNEY

Plaintiff has requested that the Court appoint him an attorney. ECF No. 2. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity

of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[3]  In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff's claims are readily apparent, the issues presented in Plaintiff's pleading are not complex, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case.  *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Furthermore, at this early stage in the litigation, there appears to be no merit to allowing Plaintiff's lawsuit to proceed into further litigation.  For these reasons, Plaintiff's request for appointed counsel (ECF No. 2) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## CONCLUSION

Plaintiff's request for the appointment of counsel (ECF No. 2) is **DENIED**. Plaintiff is **ORDERED** to recast his complaint on the Court's standard § 1983 form as instructed above, and he shall have **FOURTEEN (14) DAYS** from the date of this Order to do so.  While this action is pending, Plaintiff must immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with**

---

[3] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

this Order may result in the dismissal of this Complaint. The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

In light of this order to recast, Defendants' Motion to Dismiss (ECF No. 3) is hereby **TERMINATED**, without prejudice to Defendants' right to refile after the Court has screened any recast complaint.

**SO ORDERED and DIRECTED**, this 19th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge